145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
George Brian CROCKETT, Defendant-Appellant.
 No. 97-10075.
D.C. No. CR-96-00005-1-HDM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1998.
Decided May 22, 1998.
 
 Appeal from the United States District Court for the District of Nevada, Howard D. McKibben, District Judge, Presiding.
 Before LAY**, KOZINSKI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 As defense counsel acknowledged at oral argument, Crockett's "exculpatory no" claim fails because the Supreme Court has held that there is no such defense under 18 U.S.C. § 1001. See Brogan v.. United States, --- U.S. ----, ----, 118 S.Ct. 805, 808, 139 L.Ed.2d 830 (1998).
 
 
 3
 Because the requirements for the recantation defense under 18 U.S .C. § 1623(d) were--and are--unsettled, see United States v. Goguen, 723 F.2d 1012, 1017 n. 5 (1st Cir.1983); United States v.. D'Auria, 672 F.2d 1085, 1092 (2d Cir.1982); United States v. Crandall, 363 F.Supp. 648, 654 (W.D.Pa.1973), the district court did not commit plain error in failing to raise this defense on its own. See, e.g., United States v. Turman, 122 F.3d 1167, 1170-71 (9th Cir.1997) (no plain error when law is unclear at time of trial). Any ineffective assistance of counsel claim should be raised on collateral review. See generally United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995).
 
 
 4
 Crockett argues the government failed to produce sufficient evidence that he "knowingly and willfully" lied when he said he didn't remember hearing Bailie's comment about watching the news. This argument affects only the conviction under 18 U.S.C. § 1001 because Count Three of the second superseding indictment (18 U.S.C. § 1623) did not allege the statement in question.
 
 
 5
 The only evidence on this incident is Crockett's own statement that he went to the nursery nearly every morning for coffee; that he was probably at the nursery that morning and that he remembered hearing something about watching the news; and that he did not remember whether Bailie came in that day or whether Bailie made the statement. The government argues the jury could have inferred that Crockett knowingly and willfully lied about the nursery comment because Crockett's immediate reaction to learning of the attempted bombing was to say, "Jesus man, [Bailie] did that?" However, this does not tell us that Crockett learned of Bailie's propensities during the conversation in the nursery. Bailie's nickname was "Crazy Joe;" he wore camouflage and tended to ramble on about militias, getting "screwed" by the government and blowing things up; he had even previously invited Crockett to join him in witnessing a building explode. Crockett thus could have had his suspicions about Bailie quite independent of the nursery conversation.
 
 
 6
 Nor are we persuaded by the government's argument that Crockett knowingly and willfully lied about the nursery incident to prevent anyone from finding out that he had given Bailie explosives and taught him how to make a bomb. Crockett never hid his relationship with Bailie; he freely admitted that Bailie used to work for him. It would make no sense for Crockett to lie about the nursery conversation. Finally, the government points out that just hours after Crockett allegedly lied to the ATF agent, Crockett told Bailie, "You're in deep shit.... You got us all in trouble." Therefore, the government argues, Crockett must have believed he was in trouble because of Bailie's statement made at the nursery. But, Crockett could have been suggesting they were all in trouble for storing explosives illegally (which was why Crockett lied to the grand jury).
 
 
 7
 The inferences the government asks us to draw are simply too far-fetched. Viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found beyond a reasonable doubt that Crockett knowingly and willfully lied about the statement at the nursery. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The conviction on Count One of the indictment must therefore be reversed.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3